IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **KALEB LATIMER** § | | |
| Reg. #65789280 § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **NO. EP-20-CV-196-DB-MAT** | |
| § | | |
| **WILLIAM BARR, United States Attorney** § | | |
| **General,** § | | |
| § | | |
| **Defendant.** § | | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Kaleb Latimer's ("Plaintiff") "Complaint and Request for Injunction." (ECF No. 1). Plaintiff is currently incarcerated at the West Texas Detention Center in Sierra Blanca, Texas and is proceeding pro se. This case was referred to this Court pursuant to the Standing Order regarding prisoner civil rights cases and in accordance with 28 U.S.C. § 636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with the Court's Order.

**I.    BACKGROUND**

On July 6, 2020, Plaintiff filed the instant Complaint without paying the appropriate filing fees or applying to proceed in forma pauperis. (ECF No. 1). In his Complaint, Plaintiff alleges that he is "serving a probation violation for a technical violation [and] being exposed to a deadly [and] incurable disease (Covid-19) in violation of the 8th Amendment of the U.S. Constitution." *Id.* at

1

5. Plaintiff brings suit against William Barr, the United States Attorney General, seeking placement in "home confinement with G.P.S. monitoring to complete [his] violation or until a vaccine is available." *Id.* at 2, 5. On July 29, 2020, the Court issued an order (the "July 29 Order" or the "Order") directing Plaintiff to either pay the required filing fee or apply to proceed in forma pauperis in this case. (ECF No. 2). Plaintiff was provided thirty days from the date of receipt of the July 29 Order within which to comply with the Order and was cautioned that failure to comply may result in dismissal of the action. *Id.* at 2–3.

The July 29 Order and a copy of AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) were sent to Plaintiff at his address of record via United States Postal Service certified mail on July 30, 2020. (ECF No. 3). On August 6, 2020, the Court received confirmation that the Order was delivered to Plaintiff's address of record on August 3, 2020. (ECF No. 4).

Thirty days from August 3, 2020, was September 2, 2020. *See* Fed. R. Civ. P. 6(a)(1). As of this date, Plaintiff has not paid the filing fee or applied to proceed in forma pauperis. Nor has Plaintiff otherwise communicated with the Court.

## II. LAW & ANALYSIS

### A. LEGAL STANDARD

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a cause of action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Dismissal under this rule will operate as an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

A "[d]ismissal with prejudice . . . is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Coleman*, 745 F.3d at 766 (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)) (internal quotation marks omitted). A dismissal with prejudice is appropriate only where "there is a clear record of delay or contumacious conduct by the plaintiff, and [ ] lesser sanctions would not serve the best interests of justice." *Id.* (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)). Although the court should be "appropriately lenient" with a plaintiff proceeding pro se, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)) (internal quotation marks omitted).

B. ANALYSIS

On July 29, 2020, the Court issued its Order directing Plaintiff to either pay the required filing fee or apply to proceed in forma pauperis in this case within thirty days of receipt of the Order. (ECF No. 2). Despite the Court's July 29 Order being delivered to his place of incarceration on August 3, 2020, Plaintiff did not respond within the thirty days provided to him. In fact, fifty-nine days after receipt of the July 29 Order, the Court has still not received Plaintiff's response. To date, Plaintiff has not communicated with the Court since he submitted his Complaint on July 6, 2020, eighty-seven days ago. Having received no response to the July 29 Order, the Court is of the opinion that Plaintiff has failed to comply with a Court order and has failed to prosecute his claim by either paying the statutorily required filing fee to commence his suit or applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Accordingly, the Court **RECOMMENDS DISMISSING** this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Despite Plaintiff's failure to comply with the Court's Order and to prosecute his claim, this case is in the earliest stage of litigation. No filing fee has been paid nor has there been authorization to proceed in forma pauperis. Process has not been served on the defendant. And, no screening of the Complaint has been conducted by the Court pursuant to any of the applicable statutes governing civil rights lawsuits brought by prisoners or lawsuits brought by plaintiffs proceeding in forma pauperis. *See* 28 U.S.C. §§ 1915 & 1915A, 42 U.S.C. § 1997e. Accordingly, the Court the does not believe that a dismissal without prejudice "would not serve the best interests of justice." *See Coleman*, 745 F.3d at 766 (citing *Sealed Appellant*, 452 F.3d at 417). Furthermore, there has been no "clear record of delay or contumacious conduct" on the part of Plaintiff. *See id.* Thus, nothing in this case indicates to the Court that the "extreme sanction" of dismissing this action with prejudice, which would deprive Plaintiff the opportunity to pursue his claim, is appropriate at this time. *See id.* (quoting *Gonzalez*, 610 F.2d at 247) (internal quotation marks omitted). Therefore, the Court **RECOMMENDS** that the dismissal of this action be **WITHOUT PREJUDICE**.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this cause of action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with the Court's July 29 Order.

**SIGNED** and **ENTERED** this \_\_\_1st\_\_\_ day of October, 2020.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**
**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING**

4

REPORT WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.